DEL ROSARIO ET AL., PLAINTIFFS AND APPELLANTS, *v.* ALLENDE ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the First District Court of San Juan in an Action of Nullity, Etc.—Motion for Dismissal.

No. 3376.—Decided November 6, 1924.

APPEAL—TIME FOR APPEAL—NOTICE OF JUDGMENT—FILING NOTICE.—In overruling a motion for dismissal of the appeal it was *Held:* That the mere addition to the record of a dated certificate not signed by the clerk to the effect that on that day a copy of the notice of judgment was sent to the party cast does not constitute the due filing of the notice of judgment from which the time for appealing begins to run according to section 2 of the Act of 1911.

The facts are stated in the opinion.

*Messrs. M. Tous Soto* and *E. Campillo* for the appellants.
*Mr. J. Martinez Dávila* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellees made a motion to dismiss an appeal from a judgment. The appellants countered by filing affidavits and other certificates from which it appears that the judgment was not notified to the appellants and that no true copy of the notice of the judgment was filed among the papers of the cause. The only thing purporting to justify the motion of dismissal is a certificate of secretary Comas of the district court showing that there was filed in the case a

printed notice in blank and unsigned, which has an endorsement on its back that a copy of said notice of judgment was sent to the appellant, or words to that effect.   Section 2 of the Act of March 9th, 1911, provides:

"In all cases in which an appeal may be taken as provided in section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty· of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers."

As no proper filing of the notice of judgment exists, we are of the opinion that no limitation was placed on the time of appeal, and the motion to dismiss must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.